UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 24-30278

v.

Honorable Robert J. White

JIMMY DALE ALEXANDER,

       Defendant.
_____/

**ORDER GRANTING THE GOVERNMENT'S MOTION TO TRANSFER THE DEFENDANT TO THE EASTERN DISTRICT OF TEXAS AND FOR DETENTION PENDING A SUPERVISED RELEASE VIOLATION HEARING**

## I.   Introduction

Before the Court is the government's request to transfer Jimmy Alexander to the Eastern District of Texas and its motion to detain him pending a determination whether he violated the terms of his supervised release. On July 23, 2024, the Court conducted a removal and detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). For the following reasons, the transfer request and motion for detention pending removal are granted.

## II.   Background

Alexander pleaded guilty in the Eastern District of Texas to conspiracy to possess with the intent to manufacture and distribute controlled substances, in

violation of 21 U.S.C. §§ 846, 841. On October 19, 2012, the district court sentenced him to 132 months imprisonment and 5 years of supervised release. His supervision commenced on September 25, 2020, and was set to expire on September 24, 2025.

But Alexander committed multiple violations of his supervised release starting in May 2022. He failed to submit truthful monthly supervision reports about employment status, he failed to show for scheduled office visits with his probation officer, he failed to work full time at some form of lawful employment, he left his residence without notifying probation, he tested positive for drug tests on several occasions, and failed to pursue a GED. Despite the Probation Department's efforts to contact him throughout 2023, Alexander failed to respond to phone calls, text messages, or emails. His whereabouts remained unknown.

In view the foregoing, United States District Court Judge Amos L. Mazzant issued a warrant for Alexander's arrest on May 11, 2023. He was discovered living in Michigan over a year later.

### III. <u>Analysis</u>

Under to Rule 32.1(a)(6), a judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). Section 3143(a)(1) requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." The defendant must establish, through clear

and convincing evidence, that he will not flee or pose a danger to any other person or to the community at large. Fed. R. Crim. P. 32.1(a)(6).

Alexander fails to meet this burden. While the Court fully stated its reasons for granting the requested relief at the detention hearing, and those reasons are incorporated by reference here, the records shows that , Alexander was convicted of a serious drug trafficking offense, evidence from the PSR identified his membership with a criminal organization, the quantity of methamphetamine involved was significant, and Alexander's criminal history is lengthy. So, he poses a significant risk of danger to the community.

As to the risk of flight, Alexander absconded from supervised release for over 400 days, he was ultimately discovered hundreds of miles away, on the opposite side of the country, in Michigan, and he made no efforts to respond to the Probation Department's repeated attempts to contact him. His risk of fleeing is, therefore, significant. Accordingly,

IT IS ORDERED that the government's request to transfer Alexander to the Eastern District of Texas is GRANTED.

IT IS FURTHER ORDERED that the government's motion for detention is GRANTED.

IT IS FURTHER ORDERED that Alexander shall be remanded to the custody of the United States Marshal Service and DETAINED until the Eastern District of Texas considers his supervised release charges.

Dated: July 25, 2024  s/Robert J. White
Detroit, Michigan  Robert J. White
United States District Judge